UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>SHANE LEE PATTERSON,<br><br>    Defendant. | CRIMINAL NO. 5:11-65-KKC-1<br><br><br>**OPINION AND ORDER** |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the defendant Shane Lee Patterson's second motion requesting that the Court order his release from prison. (DE 49). Patterson pleaded guilty, on August 3, 2011, to transportation of child pornography (DE 23). He was sentenced to 240 months of imprisonment by judgment dated on November 11, 2011. (DE 32). He now moves the Court to modify his sentence under 18 U.S.C. § 3582(c)(1)(A), which provides for what is commonly referred to as "compassionate release." For the following reasons, Patterson's motion (DE 49) is **denied**.

Prior to the First Step Act, PL 115-391, 132 Stat 5194 (Dec. 21, 2018), the Court could not grant a motion for compassionate release unless the director of the Bureau of Prisons (BOP) filed the motion. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow the court to grant a motion for compassionate release filed by the defendant himself "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A); PL 115-391, 132 Stat 5194 § 603 (Dec. 21, 2018). The Sixth Circuit has determined that the occurrence of one of the two

events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834. Here, the government concedes that more than 30 days have passed since Patterson requested the Warden to file a motion for a compassionate release on his behalf (DE 51 at 3; *see* DE 51-1 & 51-2). Therefore, the Court has authority to consider Patterson's request for compassionate release.

The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

The statute does not define what it means to be "extraordinary and compelling." The commentary to the policy statement by the Sentencing Commission applicable to Section 3582(c)(1)(A) provides some guidance; however, the Sixth Circuit has recently determined the policy statement applies only to motions filed by the BOP and does not apply when a defendant moves for compassionate release on his own behalf. *United States v. Jones*, 980 F.3d 1098, 1108-11 (6th Cir. 2020). In such cases, district courts are no longer constrained by the reasons enumerated in §1B1.13's application note. *See id.*; *United States v. Elias*, 984 F.3d 516 (6th Cir. 2021); *see also United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Thus, courts need not rely on the application note as binding in its analysis; instead, a court may exercise its "full discretion" to determine whether the defendant has

2

demonstrated extraordinary and compelling reasons for compassionate release, *Jones*, 980 F.3d at 1111, and, if so, whether the section 3553(a) factors weigh in favor of release.

In this case, Patterson has not presented any evidence that his present circumstances are different than any other defendant incarcerated during the COVID-19 pandemic. Patterson states that he suffers from asthma and has contracted the virus once before. On account of having been infected with the COVID-19 virus, Patterson argues he now relies more on his inhaler. Even assuming, however, that extraordinary and compelling circumstances do exist that warrant a sentence reduction, the Court must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *Jones*, 980 F.3d at 1107-1108. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>    (B) to afford adequate deterrence to criminal conduct;
>    (C) to protect the public from further crimes of the defendant; and
>    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
>
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and "the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

3

The Court considered these factors extensively at Patterson's sentencing hearing and has reconsidered them for purposes of this motion. The presentence report states that Patterson has a lengthy criminal history, with crimes ranging from burglary to sexual exploitation of a child. (PSR, ¶¶ 29-41). Notably, this is Patterson's second conviction related to the victimization of minors; as such, a minimum sentence of 15 years is required by statute and Patterson has only served approximately 10 of those years.

Further, evidence exists that Patterson continued to contact a 13-year-old victim while he was incarcerated on his previous child exploitation conviction. (*Id.*, ¶ 7). Based upon the record before it, the Court cannot find that Patterson would not pose a danger to the safety of the community, especially minors, if he were to be released. Patterson must focus on taking necessary steps to rehabilitate himself, so to ensure that he will lead a quality life upon his release. But, for now, considering the need for Patterson's prison term to deter future criminal conduct, promote respect for the law, and provide just punishment, release is simply not appropriate.

Accordingly, in consideration of the § 3553(a) factors, for the reasons stated in this opinion and at the time of Defendant's sentencing, it is not appropriate to order his release at this time. The Court **HEREBY ORDERS** that Defendant Shane Lee Patterson's motion for compassionate release (DE 49) is DENIED.

Dated March 08, 2021



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY